# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In re:

CRAFT PUTT LLC,

Debtor.

Chapter 11

Case No. 26-20586

## LIMITED OBJECTION TO MOTIONS TO DISMISS CASE

Lincoln Savings Bank (the "**Bank**"), the first priority secured creditor in the above-captioned Chapter 11 case, by its attorneys, hereby files the attached Limited Objection to both: (i) the Motion to Dismiss filed by the United States Trustee (Docket # 93); and (ii) the Motion to Dismiss filed by the Debtor (Docket # 95) (collectively, the "**Motions**"). In support of this Limited Objection, the Bank states as follows:

1. Under the Second Interim Cash Collateral Order, the Debtor and Creditors recognized that the Bank had the first lien on substantially all assets of the Debtor including on any post-petition cash collateral, and all post-petition income and funds. *See* Second Interim Cash Collateral Order (Docket # 64).

2. Debtor has represented to this Court that several of its employees have voluntarily terminated their employment with Debtor. Debtor has reportedly shut down its operations at both its locations and is no longer conducting business.

3. On June 10, 2026, the Bank delivered its Termination Declaration under the Cash Collateral Order, due to budget variances and the cessation of operations.

4. The Bank does not have an objection to the eventual dismissal of this Bankruptcy, but before that dismissal is effective the Bank's counsel and Debtor's counsel have been working through the issue of the remaining funds held by the Debtor and any carve outs to the same and

120484210.1

authorized or unauthorized uses that may have deviated from the budget or occurred after the termination of the use of cash collateral.

5. The Debtor has requested bank statements from Bank of America for the DIP Account, but has not received them as of this time. As there could be causes of action under 549 or other chapters those statements should be received and reviewed before this Court loses jurisdiction over the matter and any chapter 5 causes of action. Further as the monthly operating reports have not been filed this information can only be obtained through the bank statements.

6. As dismissal or conversion must be in the best interest of all creditors these issues should be determined before a dismissal order is entered.

7. Upon statements of Debtors counsel these statements have been requested and should be received by the Debtors in the next 10-14 days. Thus, the Bank asks this Court to continue this matter to the next hearing to allow examination of the of bank statements against the budget and after the termination date. As this case was only active for several months, the review of these statements should take a few hours upon receipt.

WHEREFORE, the Bank asks this Court to continue the hearing on the Motions for 30 days or to condition any dismissal of the bankruptcy on delivery of the bank statements from the DIP Account to the Bank and a subsequent hearing and such other relief as the court deems just and proper.

Respectfully submitted,

POLSINELLI PC


By:*/s/ Andrew J. Nazar* _____
ANDREW J. NAZAR (KS #22381)
900 W. 48th Place, Suite 900
Kansas City, MO 64112
(816) 753-1000
Fax No: (816) 753-1536
anazar@polsinelli.com

*Attorneys for Secured Creditor*
*Lincoln Savings Bank*


## CERTIFICATE OF SERVICE


I hereby certify that on August 5, 2026, I electronically filed the above and foregoing with the Clerk of the Court utilizing the Court's ECF filing system, which sent electronic notification to all counsel of record.

*/s/ Andrew J. Nazar*

120484210.1